Terre Haute, etc., Traction Co. *v.* Minnick—83 Ind. App. 366.

TERRE HAUTE, INDIANAPOLIS AND EASTERN TRAC-
TION COMPANY *v.* MINNICK.

[No. 12,079.    Filed April 7, 1925.    Rehearing denied July 1,
1925.]

1.  TRIAL.—*Instruction held not erroneous when considered with
    all other instructions.*—An instruction defining negligence is
    not erroneous, when, considered together with the other in-
    structions, the jury must have understood that before the
    defendant could be found guilty of negligence, it would be
    necessary to find that it owed a duty to the plaintiff and that
    it negligently failed to discharge that duty.    p. 367.

2.  APPEAL.—*Invited error in giving instruction not available on
    appeal.*—An appellant cannot complain of the giving of an in-
    struction when he has requested the giving of an instruction
    substantially like it.    p. 367.

3.  TRIAL.—*Instruction that plaintiff must prove all material
    allegations of complaint, without stating what they were, cured
    by another instruction.*—Instruction that plaintiff must prove
    all the material allegations of his complaint, without informing
    the jury what the material allegations were, was cured by
    stating what they were in another instruction.    p. 367.

4.  STREET RAILROADS.—*Motorman in charge of street car must
    keep a lookout ahead for vehicles on the car track.*—An in-
    struction that the motorman in charge of a street car must
    keep a lookout ahead for automobiles and vehicles on the car
    tracks not erroneous.    p. 368.

5.  STREET RAILROADS.—*Failure of motorman in charge of street
    car to keep lookout ahead for vehicles on track may constitute
    negligence.*—Failure of motorman in charge of a street car to
    exercise reasonable care to keep a lookout ahead for vehicles
    on the car tracks where such lookout, had it been kept, would
    have avoided the accident in which plaintiff was injured, would
    constitute negligence.    p. 368.

From Sullivan Circuit Court; *Walter F. Wood,* Judge.

Action by Finley E. Minnick against the Terre Haute,
Indianapolis and Eastern Traction Company.    From a
judgment for plaintiff, the defendant appeals.    *Af-
firmed.*    By the second division.

*McNutt, Wallace, Harris & Randel,* for appellant.
*George W. Wells* and *Lindley & Bedwell,* for appellee.

McMAHAN, J.—Complaint by appellee in two paragraphs. The first paragraph is for damages to an automobile owned by appellee and which it is alleged was damaged as the result of a collision between one of appellant's street cars and the automobile which was being driven by appellee. The second paragraph is for personal injuries occasioned by the same collision. From a verdict and judgment in favor of appellee, appellant appeals and contends that the court erred in giving on its own motion instructions Nos. 5, 6, 23, 25, 26, 27 and 33.

The objection to instructions Nos. 5 and 6 defining negligence and reasonable care is that they do not inform the jury that, before there can be negligence, there must be a duty owing by the party charged with negligence, and a failure to perform that duty. When all the instructions are considered together, as they should be, it is clear the jury understood that before appellant could be found to be guilty of negligence, it would be necessary to find that it was under some duty to appellant and that it negligently failed to discharge that duty.

Appellant requested the court to instruct the jury that appellant owed appellee only that degree of care which an ordinarily careful and prudent person engaged in the same business would have exercised under like and similar circumstances, and if the jury believed that the defendant's employees exercised such care, they should find for the defendant. The court refused to give this instruction. But instruction No. 23, of which complaint is made, is in the exact words as the requested instruction except that the court added thereto the words, "But on the other hand if defendant's employees failed to exercise such care and plaintiff was injured thereby, the finding should be for the plaintiff providing he has proven all the other material allega-

tions of his complaint by a preponderance of the evidence." The objection to this instruction is that it left it to the jury to determine what the material allegations of the complaint were. The court, however, did, in another instruction, tell the jury what the material allegations of the complaint were. The instruction, therefore, is not subject to the objection urged.

Instruction No. 25, among other things, told the jury that it was the duty of the motorman in charge of the car to exercise ordinary care to keep a lookout ahead of his car for automobiles and vehicles on the car tracks. There was no error in this instruction. By instruction No. 26 the court told the jury, among other things, that if it found the motorman negligently failed to exercise reasonable care in keeping a lookout for automobiles and vehicles on the tracks, and that if he could, in the exercise of ordinary care, have seen appellee's automobile on the tracks in time to have avoided striking it, if he had used reasonable care, such failure would be negligence. This instruction is not subject to the objection urged against it.

The objection made to No. 27 is the same as was made to No. 23.

There being no reversible error shown in the giving of any of these instructions, the judgment is affirmed.